Next case this morning is Abasi Investment v. Tibet Pharmaceuticals. Mr. Hartzell. Good morning. May it please the Court, my name is Neil Hartzell. For Appellant L. McCarthy Downs III, I'd like to reserve three minutes for rebuttal out of my ten minute time period. Mr. Tremonti will speak on behalf of Mr. Zell. We're asking this Court to reverse the District Court's partial denial of summary judgment on the 11A3 claim and enter an order that summary judgment in Appellant Mr. Downs and Mr. Zell's favor should enter dismissing the 11A3 claim. The standard of review before this Court I don't think is in dispute. It's a de novo review. The Rivera v. City of Passaic case we cited in our papers. I want to briefly discuss the procedural history and then talk about what's in the prospectus. There's a class action case a group of investors in Tibet Pharmaceuticals claimed there were material misstatements in the initial public offering registration documents. That's conceded, is that right? For the purposes of this? Yes. They sued the individual directors of Tibet, Tibet Pharmaceuticals itself, its U.S. based auditor, and the underwriter, a company called Anderson & Strudwick. And two other individuals, Mr. Downs and Mr. Zhu, who are named as board observers in the prospectus. Mr. Downs was an employee of Anderson & Strudwick. The plaintiffs settled with the auditor and with Anderson & Strudwick. No director has appeared in the case. The claims against one of the U.S. based directors were dismissed for failure to make timely service. Following discovery, Mr. Downs and Mr. Zhu moved for summary judgment. All claims against them were dismissed except for this 11A3 claim. The language in the prospectus said board observers who may significantly influence the outcome of matters presented to the board, the district court believed that that language created a fact issue as to whether board observers were performing similar functions to board of directors members. It's that language that brings us here today. Why is it, well, your position is that it's a matter of law, not a matter of fact, the final? Yes. How can we take issue with the appellant's invocation of the SEC inside trading release, where you actually relied upon the SEC interpretation in your opening brief? Well, I believe there's two different SEC interpretive rulings, Your Honor. The one that we cited lists sort of what directors are doing, what directors are not doing. We believe it supports our position. But you took issue with the plaintiff's position concerning their looking at the inside trading rules, which were not so rosy for your position. Well, inside trading, at one level, the inside trading rules don't really apply to this case. We're looking for, because there's a dearth of authority with the exception of the Mersey and the Lockheed cases that discuss what the meaning of 11A3 is, performing functions similar to, we were looking at other sources that were defining who's a director, who's not a director. And we believe that SEC interpretation was supportive of our position, as it defines the duties or sets forth the duties about who's a director and who's not. And we think in this case, when you look at the 11A3, it's a narrow construction, because it's a strict liability statute, as we know from the Herman case and the Lehman Brothers case. We believe it's not accurate, as the plaintiffs claim, that the statute allows the court to look at other factors, because there's nothing in the text of 11A3 that suggests that the determination is limited to the prospectus. We just don't think that makes any sense. If that were the case, it would not say persons named in the prospectus. That's the critical language. We're looking at what does that mean in the context of being named in the prospectus. Being named is not a conduct-oriented provision, as Section A5, which talks about underwriters, or Section A2, which talks about functioning as a director. Isn't it significant, though? Congress used the word similar rather than the identical or the same. Is it identical? I don't think it's identical. It's similar to the functions. If, for example, the vote. So you concede, then, if your clients voted, that starts to be quite similar to the functions of a director, right? It's similar to some of the functions, certainly. But they had no power to vote. It specifically says in the prospectus the board observers have no power to vote. So we believe that the plaintiff's reading of this is an unnecessary expansion of this narrowly defined statute. But directors have other roles, other functions, besides voting. There's no question about it. And we look at the language of the prospectus, which defines what the directors of this company, Tibet Pharmaceuticals, could do. And I just want to highlight some of them. As stated in the prospectus, Tibet's directors make all relevant decisions. They appoint officers, authorize payment of donations, authorize the company to borrow, to mortgage property, execute checks, promissory notes,